# IN THE DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| LOUIS A. JOHNSON, * | |
| Plaintiff, * | |
| MAERSK LINE, LIMITED, Owner and Operator * | CV NO.: 09-513 |
| of the M/V SEALAND CHAMPION, MAERSK | |
| LINE, Owner and Operator of the M/V SEALAND * | |
| CHAMPION, The M/V SEALAND CHAMPION, | |
| *in personam* and the M/V SEALAND CHAMPION, * | |
| her engines, boilers, tackle, apparel, appurtenances, | |
| etc., *in rem*. * | |
| Defendants. * | |

## LONGSHOREMAN'S VERIFIED COMPLAINT UNDER 33 U.S.C. 905 (b), GENERAL MARITIME LAW AND NEGLIGENCE

COMES NOW, LOUIS A. JOHNSON, a person of full age and majority and a resident of the City of Mobile, County of Mobile, State of Alabama, and respectfully represents:

## JURISDICTION AND VENUE

1.  Plaintiff, LOUIS A. JOHNSON (hereinafter Plaintiff), is over the age of 19, and is a citizen and resident of Mobile County, State of Alabama.

2.  Defendant MAERSK LINE, LIMITED (hereinafter Maersk Ltd.) is a U. S. corporation, partnership, or other business entity; Defendant MAERSK LINE is a Danish corporation, partnership, or other business entity. These Defendants were at all times material the Owners or Operators of the oceangoing vessel M/V SEALAND CHAMPION. The Defendant, M/V SEALAND CHAMPION, and her engines, tackle, furniture and appurtenances, etc., *in rem*, is an oceangoing vessel documented under the laws of the United States of America, engaged in the transportation of merchandise and cargo by water for hire. Each of the aforementioned Defendants are subject to the jurisdiction of this Court by virtue of their contacts with the State of Alabama or

their substantial conduct or systematic business in the State of Alabama. This cause of action arose in Mobile County, Alabama. Therefore, jurisdiction and venue properly lie in this County.

3. The Court has jurisdiction of this action and the parties based on admiralty jurisdiction, 28 U.S.C. § 1333, and in the alternative, based on diversity of citizenship and amount in controversy, pursuant to 28 U.S.C. § 1332.

4. To the extent necessary, the Court may also base jurisdiction on ancillary and/or pendent jurisdiction for negligence claims.

## PARTIES

5. The Plaintiff is a person of full age and majority and a resident of the City of Mobile, Mobile County, Alabama.

6. Defendant Maersk Ltd. was, at all times relevant to this Complaint, the Owner and Operator of the M/V SEALAND CHAMPION (hereinafter the Vessel).

7. Defendant Maersk Line was, at all times relevant to this Complaint, Owner and Operator of the Vessel.

## FACTS COMMON TO ALL CAUSES

8. On or about April 30, 2009, the Plaintiff was employed by the Mobile Container Terminal, LLC.

9. Based on information and belief, the Mobile Container Terminal was hired by the Defendants to load the Vessel with cargo at the container terminal in the Port of Mobile.

10. On or about April 30, 2009, the Vessel, IMO number 9106170, was a Netherlands flag vessel with 28,968 net weight tonnage.

11. At all times relevant to this Complaint, the Vessel was in navigation upon the waters of the United States; specifically, the Vessel was anchored or moored in the Port of Mobile, engaged in cargo operations within the State of Alabama.

12. During the afternoon hours of April 30, 2009, the Plaintiff was acting in his capacity as a longshoreman latcher for the Mobile Container Terminal.

13. The Mobile Container Terminal was in charge of providing longshoreman services to the Vessel.

14. The Plaintiff's crew was to load both twenty (20) foot and forty (40) foot containers onto the Vessel.

15. The vessel cargo loading operations commenced in the late afternoon on April 30, 2009.

16. On April 30, 2009, at the very beginning of the cargo loading process, the Plaintiff was walking across a catwalk between hatches on the Vessel when the walkway gave way. He caught himself but twisted his back. He reported the injury to Boat Foreman Oscar Ferguson, who instructed the Plaintiff to go to the Industrial Medical Clinic for a checkup and drug screen.

17. As a proximate result of the fall, the Plaintiff sustained severe and permanent injuries to his body and mind.

**COUNT ONE – 33 U.S.C. § 905 (b) – MAERSK LINE, LIMITED, AND MAERSK LINE**

18. All allegations contained in the previous paragraphs are realleged herein.

19. The Injury complained of was the result of the negligence of Defendants Mearsk Ltd. and Mearsk Line; specifically, Defendants owed the Plaintiff a duty to provide him with a safe place to work.

20. Defendants knew or should have known that the Plaintiff would be working in an area that would put him in close proximity to the Vessel's walkway. Further, it was foreseeable to Defendants that injury would result if said walkway, which was maintained by the Vessel's crew, was not properly functioning during the loading of cargo while the Vessel was in port.

21. Defendants had a duty to maintain proper control over said walkway while longshoremen were on board loading cargo onto the Vessel.

22. As a direct and proximate result of Defendants' breach of the duty owed to the Plaintiff, the Plaintiff was injured and suffered damages when the walkway gave way, causing him to fall into the Vessel.

23. The injuries to the Plaintiff's body and mind are the direct and proximate result of the negligence of Defendants Maersk Ltd. and Maersk Line for failing in their duty of care which they owed to the Plaintiff.

24. Plaintiff seeks any and all damages, general or special, to which Plaintiff may be entitled pursuant to 33 U.S.C. 905 (b) and common law, and in excess of the jurisdictional limits of this Court.

## DAMAGES

25. All allegations contained in the previous paragraphs are realleged herein.

26. Plaintiff sustained injury as a direct, foreseeable and proximate consequence of the hazardous and/or unsafe condition aboard the M/V SEALAND CHAMPION; each Defendant owed the Plaintiff a duty to provide a safe work place while he was aboard said Vessel. Defendants were aware that the process of loading cargo onto the Vessel required longshoremen, such as the Plaintiff, to use the M/V SEALAND CHAMPION's walkway. Plaintiff is therefore entitled to recovery of the damages as alleged herein against the Vessel *in rem* and her Owners and Operators *in personam* based on the General Maritime Law, 33 U.S.C. § 905 (b) of the Longshore Act and/or general principles of negligence.

27. As a direct and proximate result of Defendants' tortuous conduct as aforesaid, Plaintiff has suffered serious and grievous injuries to his body and mind. Plaintiff has been damaged in the following particulars:

    (a) Plaintiff has suffered physical pain and mental anguish and will continue to suffer great pain of body and mind throughout his lifetime;

    (b) Plaintiff has incurred medical, pharmaceutical, and other expenses and will incur medical, pharmaceutical, and other expenses in the future due to his injury;

  (c) Plaintiff suffers a physical impairment in his loss of full use of his body and mind and will continue to suffer this impairment in the future due to his injuries.

  (d) Plaintiff has suffered lost earnings and will suffer the loss of ability to earn income in the future because of his injuries.

  (e) Plaintiff seeks interests and costs as provided by law.

28. Plaintiff seeks any and all other damages, general or special, to which the Plaintiff may be entitled pursuant to statutory and common law.

WHEREFORE, THE PREMISES CONSIDERED, Plaintiff prays as follows:

  (a) That Process in due form of law be issued for the arrest of said vessel, M/V SEALAND CHAMPION, or the proceeds of sale thereof, pursuant to Supplemental Rule C of the Federal Rules of Civil Procedure.

  (b) That Process in due form of law be issued for Rule B attachment of the vessel, M/V SEALAND CHAMPION;

  (c) Plaintiff demands judgment against the Defendants, each of them, jointly and severally, for general damages, special damages, for his costs expended therein, for pre-judgment interest from the date of Plaintiff's injury and post judgment interest on the judgment at the rate allowed by law, and for such other and further relief, both at law and in equity, to which Plaintiff may show himself justly entitled.

  (d) That a Decree of Condemnation be issued against the property and credits of the Defendant herein, and against the proceeds of sale of said vessel, for the amount of the Plaintiff's claim plus interest, attorneys fees and costs thereon;

  (e) That the Plaintiff have and receive such other, different and further relief as justice and equity may require

Respectfully Submitted,

 s/Michael G. Huey
MICHAEL G. HUEY (HUEYM5200)
ATTORNEY FOR THE PLAINTIFF
Post Office Box 1806
Mobile, Alabama 36602
(251)433-6622
(251)433-6654 (fax)

**VERIFICATION**

STATE OF ALABAMA)
COUNTY OF MOBILE)

The undersigned, Louis A. Johnson, being duly sworn, deposes and says; I am Louis A. Johnson, the Plaintiff in the above Civil Action; I have read the foregoing COMPLAINT and state that the matters contained therein are true to the best of my knowledge, information and belief.

The affiant further sayeth not.

 s/Louis A. Johnson
Louis A. Johnson

Subscribed and sworn to before me
On this the 10th day of August, 2009.

_____
Notary Public, State of Alabama

My commission Expires:_____

PLEASE SERVE DEFENDANT
MAERSK LINE, LIMITED and
MAERSK LINE, CERTIFIED MAIL,
RETURN RECEIPT REQUESTED AT:

Maersk Line, Limited
One Commercial Place, 20th Floor
Norfolk, VA 23510

Maersk Line
50, Esplanaden
DK-1098 Copenhagen K
Denmark